NOV 19 2025 PM2:49
FILED - USDC - FLMD - ORL

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

   v.

TIERRE CHARLES

CASE NO.  6:25-cr- 309- CEM-LHP

18 U.S.C. § 922(g)(1)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Possession of a Firearm by a Convicted Felon)

On or about March 31, 2025, in the Middle District of Florida, the defendant,

### TIERRE CHARLES,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including the following offenses:

1.    Battery, on or about June 18, 2001;

2.    Carrying a concealed firearm, on or about January 7, 2005;

3.    Robbery with a firearm, on or about May 13, 2005;

4.    Aggravated battery with a firearm, on or about May 13, 2005;

5.    Fleeing or attempting to elude a law enforcement officer, on or about March 23, 2018;

6.    Robbery, on or about April 6, 2021;

7.    Possession of a firearm by a convicted felon, on or about April 6, 2021; and

8.      Burglary of a dwelling with an assault or a battery (with a firearm), on or about April 6, 2021;

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, a Bora Arms shotgun and a Glock pistol.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

## FORFEITURE

1.      The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3.      The property to be forfeited includes, but is not limited to, the following: (1) a Bora Arms BR99 12 gauge shotgun, bearing serial number 24DLX-20830; and (2) a Glock 48 9mm caliber pistol, bearing serial number BKYX681, both of which were seized from the defendant on or about March 31, 2025.

4.      If any of the property described above, as a result of any acts or omissions of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the Court;

2

d.  has been substantially diminished in value; or

e.  has been commingled with other property, which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,



Foreperson

GREGORY W. KEHOE
United States Attorney

By: _____
Diane S. Hu
Assistant United States Attorney

By: _____  for
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

FORM OBD-34
November 25

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Orlando Division

THE UNITED STATES OF AMERICA

vs.

TIERRE CHARLES

## INDICTMENT

Violations: 18 U.S.C. § 922(g)(1)

A



Foreperson

Filed in open court this 19th day

of November 2025.

Clerk

Bail $_____